**EXHIBIT A**

Exhibit A

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
RUSS, BRITT ALEXIS

Party Served:
GMRI, INC.

C/O CORPORATE CREATIONS NETWORK INC
15 NORTH MILL ST
NYACK, NY 10960

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 12/27/2006 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X    Index No. *118621/06*

BRITT ALEXIS RUSS

                    Plaintiff

  -against-

GMRI INC., 5 TIMES SQUARE NYC/5, a
subsidiary of Darden Restaurants, Inc., d/b/a
Red Lobster, and JOHN DOE, said name being
fictitious and intended to denominate the defendants'
employees more fully described herein

                    Defendant
------------------------------------------------------------X

Plaintiff designates
New York County
 as the place of trial

The basis of venue is
Place of Incident

**S U M M O N S**

Plaintiff resides at
125 Gates Avenue
Montclair. NJ 07042

To the above named defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons to serve a

notice of appearance, on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if

this summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated: Bronx, New York
      November 16, 2006

NEW YORK
COUNTY CLERK'S OFFICE

DEC 1 5 2006

NOT COMPARED
WITH COPY FILED

PHILIP NEWMAN, P.C.
Attorney for Plaintiff
Office & P.O. Address
860 Grand Concourse
Bronx, NY 10451
(718) 585-3512

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X  Index No.

BRITT ALEXIS RUSS

               Plaintiff                          **VERIFIED COMPLAINT**

    -against-

GMRI INC., 5 TIMES SQUARE NYC/5, a
subsidiary of Darden Restaurants, Inc., d/b/a
Red Lobster, and JOHN DOE, said name being
fictitious and intended to denominate the defendants'
employees more fully described herein

               Defendant
------------------------------------------------------------------X

       Plaintiff by her attorney, Philip Newman, Esq., complaining of the defendant,

respectfully allege as follows:

   1. Defendant is a domestic corporation authorized to do business in the State of New

York.

   2. At all relevant times, the defendant was and still is the owner and in control of a

"Red Lobster restaurant" located at 5 Times Square, New York, New York.

   3. On June 26, 2006, plaintiff was a patron in defendant's restaurant waiting to be

seated.

   4. On June 26, 2006, while plaintiff was a patron in defendant's restaurant as

aforesaid one of defendant's employee who was standing on an upper level dropped or

negligently positioned a tray resulting in its falling onto plaintiff's head who was standing on

the level below defendant's employee.

   5. Said occurrence was due to no fault or want or care on the part of the plaintiff but

was caused fully and solely by the negligence of the defendant and plaintiff was wholly free

from any negligence contributing to said occurrence.

6. That as a result of the aforesaid occurrence, plaintiff sustained serious personal injuries, experienced great pain, suffered and continues to suffer and has been incapacitated and will continue to be incapacitated for a long period of time.

7. §1600 of the CPLR does not apply, or in the alternative, all of the exceptions to §1600 of the CPLR do apply.

8. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## NEGLIGENT HIRING AND RETENTION

9. Plaintiff repeats and realleges each and every allegation of the complaint herein marked and numbered "1" through "8" with the same force and effect as herein set forth in detail.

10. That the defendant negligently hired, retained and trained its employees who were incompetent and the defendant had knowledge of same and the retention of these individuals by defendant was negligent.

11. That defendant's employee was negligent in the happening of this event and defendant, is legally responsible for the negligence under the theory of Respondent Superior.

12. The defendant's employee's conduct was wilful, wanton, reckless, malicious and/or exhibited a gross indifference to and a callous disregard for human life, safety and the rights of others, and more particularly the rights, life and safety of the plaintiff herein.

13. This occurrence happened as a result of the negligence of the defendants.

14. §1600 of the CPLR does not apply, or in the alternative, all of the exceptions to §1600 of the CPLR do apply.

15. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, on each cause of action.

Dated:  Bronx, New York
       November 16, 2006

Yours, etc.,

PHILIP NEWMAN, P.C.
Attorney for Plaintiff
Office & P.O. Address
860 Grand Concourse
Bronx, NY 10451
(718) 585-3512

## ATTORNEY'S VERIFICATION

State of New York  )
County of Bronx    )s.:

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

That deponent is the attorney of record for the plaintiff in the within action.

That deponent has read the foregoing Complaint and knows the contents thereof. The same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

That this verification is made by deponent and not by the plaintiff, is due to the fact that plaintiffs reside in a different County than where your deponent maintains his files and offices.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:   All records pertaining to the herein matter are in your deponent's files in his office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Bronx, New York
         November 16, 2006

_____
Philip Newman

Index No
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRITT ALEXIS RUSS

Plaintiff

-against-

GMRI INC., 5 TIMES SQUARE NYC/5, a
subsidiary of Darden Restaurants, Inc., d/b/a
Red Lobster, and JOHN DOE, said name being
fictitious and intended to denominate the
defendants' employees more fully described
herein

Defendants

**SUMMONS AND VERIFIED COMPLAINT**

Signature (Rule 130-1.1a)
Print name beneath:

PHILIP NEWMAN, P.C.

Attorney(s) for

Office and Post Office Address
860 Grand Concourse
Bronx, NY 10451
(718) 585-3512

To
Attorney(s) for
Service of a copy of the within
is hereby admitted

Dated.....

.........................................
Attorney(s) for

=========== NOTICE OF ENTRY ===========

Sir: Please take notice that the within is a (certified) true
copy of a                    duly entered in the office of the clerk
of the within named court on
19

Dated.

Yours, etc.

PHILIP NEWMAN, P.C.

Attorney for

Office and Post Office Address
860 Grand Concourse
Bronx, NY  10451

To:

Attorney(s) for

=========== NOTICE OF SETTLEMENT ===========

Sir: - Please take notice that an order
of which the within is a true copy will be presented for
settlement to the Hon.            one of the judges of the within
named Court, at

on
at                 M.
Dated.                  19

Yours, etc.

PHILIP NEWMAN, P.C.

Attorney for

Office and Post Office Address
860 Grand Concourse
Bronx, NY  10451

To:

Attorney(s) for

SERVICO 35

200612280292

200612280272

JAN 4 2007 AM 11:41

Exhibit

**B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

BRITT ALEXIS RUSS,

                    Plaintiff,                                INDEX NO.:118621/06

        -against-

                                                              NOTICE OF APPEARANCE
GMRI, INC., 5 TIMES SQUARE NYC/5, a                           AND DEMAND FOR AN
Subsidiary of Darden Restaurants, Inc. d/b/a                  AD DAMNUM
Red Lobster, and JOHN DOE, said name being
Fictitious and intended to denominate the
Defendants' employees more fully described
Herein,

                    Defendants.
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE that defendant GMRI, Inc. d/b/a Red Lobster s/h/a

"GMRI, INC.", and "5 TIMES SQUARE NYC/5, a Subsidiary of Darden Restaurants,

Inc. d/b/a Red Lobster" appears in this action by the undersigned attorneys and that all

papers are to be served upon the undersigned attorneys at their office located at One

Battery Park Plaza, 30th floor, New York, NY 10004.

        PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR Section 3017(c),

defendants hereby demand that plaintiff, serve upon the undersigned, within fifteen (15)

days from the date of service hereof, a supplemental demand for relief setting forth the

total damages to which plaintiff deems herself entitled.

Dated: New York, New York
        January 9, 2007

                                        Yours etc.,

                                        BY: _____
                                            Louis J. Schepp
                                        Robin, Harris, King, Fodera & Richman
                                        Attorneys for defendants
                                        GMRI, Inc. d/b/a Red Lobster
                                        One Battery Park Plaza, 30th floor
                                        New York, NY 10004-1437
                                        (212) 487-9701

To:    Philip Newman, P.C.
       Attorneys for plaintiff
       860 Grand Concourse
       Bronx, NY 10451
       (718) 585-3512

Exhibit

C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X        Index No. 118621/06

BRITT ALEXIS RUSS                                                          Plaintiff designates
                                                                          New York County
                                                                          as the place of trial
                    Plaintiff

                                                                          The basis of venue is
                                                                          Place of Incident
    -against-
                                                                          **SUPPLEMENTAL
GMRI INC., 5 TIMES SQUARE NYC/5, a                                        S U M M O N S**
subsidiary of Darden Restaurants, Inc., d/b/a
Red Lobster, and JOHN DOE, said name being                                Plaintiff resides at
fictitious and intended to denominate the defendants'                     125 Gates Avenue
employees more fully described herein                                     Montclair, NJ 07042

                    Defendant
------------------------------------------------------------------X

To the above named defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons to serve a

notice of appearance, on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if

this summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated: Bronx, New York
            January 24, 2007.

                                            PHILIP NEWMAN, P.C.
                                            Attorney for Plaintiff
                                            Office & P.O. Address
                                            860 Grand Concourse
                                            Bronx, NY 10451
                                            (718) 585-3512

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X  Index No. 118621/06

BRITT ALEXIS RUSS

                Plaintiff

     -against-

**AMENDED**
**VERIFIED COMPLAINT**

GMRI INC., 5 TIMES SQUARE NYC/5, a
subsidiary of Darden Restaurants, Inc., d/b/a
Red Lobster, and JOHN DOE, said name being
fictitious and intended to denominate the defendants'
employees more fully described herein

              Defendant
-------------------------------------------------------------X

      Plaintiff by her attorney, Philip Newman, Esq., complaining of the defendant,

respectfully allege as follows:

      1.  Plaintiff is over the age of 18 years and a resident of the State of New York.

      2.  The accident complained of herein occurred in New York County.

      3.  Defendant is a domestic corporation authorized to do business in the State of New

York.

      4.  At all relevant times, the defendant was and still is the owner and in control of a

"Red Lobster restaurant" located at 5 Times Square, New York, New York.

      5.  On June 22 2006, plaintiff was a patron in defendant's restaurant waiting to be

seated.

      6.  On June 22, 2006, while plaintiff was a patron in defendant's restaurant as

aforesaid one of defendant's employee who was standing on an upper level dropped or

negligently positioned a tray resulting in its falling onto plaintiff's head who was standing on

the level below defendant's employee.

7. Said occurrence was due to no fault or want or care on the part of the plaintiff but was caused fully and solely by the negligence of the defendant and plaintiff was wholly free from any negligence contributing to said occurrence.

8. That as a result of the aforesaid occurrence, plaintiff sustained serious personal injuries, experienced great pain, suffered and continues to suffer and has been incapacitated and will continue to be incapacitated for a long period of time.

9. §1600 of the CPLR does not apply, or in the alternative, all of the exceptions to §1600 of the CPLR do apply.

10. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION

11. Plaintiff repeats and realleges each and every allegation of the complaint herein marked and numbered "1" through "10" with the same force and effect as herein set forth in detail.

12. That the defendant negligently hired, retained and trained its employees who were incompetent and the defendant had knowledge of same and the retention of these individuals by defendant was negligent.

13. That defendant's employee was negligent in the happening of this event and defendant, is legally responsible for the negligence under the theory of Respondent Superior.

14. The defendant's employee's conduct was wilful, wanton, reckless, malicious and/or exhibited a gross indifference to and a callous disregard for human life, safety and the rights of others, and more particularly the rights, life and safety of the plaintiff herein.

15. This occurrence happened as a result of the negligence of the defendants.

16. §1600 of the CPLR does not apply, or in the alternative, all of the exceptions to §1600 of the CPLR do apply.

17. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction. on each cause of action.

Dated: Bronx, New York
       January 24, 2007.

Yours, etc.,

PHILIP NEWMAN, P.C.
Attorney for Plaintiff
Office & P.O. Address
860 Grand Concourse
Bronx, NY 10451
(718) 585-3512

## ATTORNEY'S VERIFICATION

State of New York  )
County of Bronx    )s.:

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

That deponent is the attorney of record for the plaintiff in the within action.

That deponent has read the foregoing Complaint and knows the contents thereof.  The same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

That this verification is made by deponent and not by the plaintiff , is due to the fact that plaintiffs reside in a different County than where your deponent maintains his files and offices.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:   All records pertaining to the herein matter are in your deponent's files in his office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Bronx, New York
       January 24, 2007.

_____
Philip Newman

================= NOTICE OF ENTRY =================

Sir: Please take notice that the within is a (certified) true copy of a                    duly entered in the office of the clerk of the within named court on
19

Dated,

Attorney for

Yours, etc..

**PHILIP NEWMAN, P.C.**

Office and Post Office Address
860 Grand Concourse
Bronx, NY 10451

To:

Attorney(s) for

================= NOTICE OF SETTLEMENT =================

Sir: - Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon.    one of the judges of the within named Court, at

on

at                M.                19

Dated.

Attorney for

Yours, etc..

**PHILIP NEWMAN, P.C.**

Office and Post Office Address
860 Grand Concourse
Bronx, NY 10451

To:    .

Attorney(s) for

---

Index No. 118621/06
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**BRITT ALEXIS RUSS**

Plaintiff

-against-

GMRI INC., 5 TIMES SQUARE NYC/5, a subsidiary of Darden Restaurants, Inc., d/b/a Red Lobster, and JOHN DOE, said name being fictitious and intended to denominate the defendants' employees more fully described herein

Defendants

AMENDED SUMMONS AND AMENDED
VERIFIED COMPLAINT

Signature (Rule 130-1.1a)
Print name beneath: -

Attorney(s) for Plaintiff

**PHILIP NEWMAN, P.C.**

Office and Post Office Address
860 Grand Concourse
Bronx, NY 10451
(718) 585-3512

To
Attorney(s) for
Service of a copy of the within
is hereby admitted.

Dated.

Attorney(s) for

Exhibit

**Exhibit D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
BRITT ALEXIS RUSS,

                   Plaintiff,

          -against-

GMRI, INC., 5 TIMES SQUARE NYC/5, a subsidiary
Of Darden Restaurants, Inc. d/b/a Red Lobster, and
JOHN DOE, said name being fictitious and intended to
Denominate the defendants' employees more fully
Described herein,

                   Defendant.
-------------------------------------------------------------X

Index No.: 118621/06

VERIFIED ANSWER TO
PLAINTIFF'S AMENDED
VERIFIED COMPLAINT

      Defendant, GMRI, Inc. d/b/a Red Lobster s/h/a "GMRI, INC., 5 TIMES SQUARE NYC/5, a Subsidiary of Darden Restaurants, Inc. d/b/a Red Lobster" by its attorneys Robin, Harris, King, Fodera & Richman, answering the amended verified complaint of the plaintiff herein:

      FIRST:  Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "1", "5", "10" of the amended verified complaint.

      SECOND:  Denies upon information and belief each and every allegation contained in paragraphs designated "3", "6" through "9" of the complaint.

      THIRD:  Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "4" of the amended verified complaint but admits that defendant was and still is the owner of a Red Lobster restaurant located at 5 Times Square, New York, New York.

<u>ANSWERING THE SECOND CAUSE OF ACTION</u>

FOURTH:  Defendant repeats and reiterates all of the admissions and denials contained in the foregoing answer with reference to those paragraphs repeated and reiterated in paragraph designated "11" of the amended verified complaint.

FIFTH:  Denies upon information and belief each and every allegation contained in paragraphs designated "12" through "17" of the amended verified complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

SIXTH:  That any damages allegedly sustained by the plaintiff were contributed to in whole or in part by the plaintiff's failure to mitigate said damages, and if any judgment is recovered against the defendant, said judgment should be apportioned and reduced by the percentage of the plaintiff's failure to mitigate said damages.

WHEREFORE, defendant GMRI, Inc. d/b/a RED LOBSTER demands judgment dismissing the amended verified complaint of the plaintiff, together with the costs and disbursements of the defense of this action or, in the alternative, reducing any award by the amount attributable to plaintiff's failure to mitigate her damages..

Dated: New York, New York
      March 27, 2007

                              Yours etc.,

                              Robin, Harris, King, Fodera & Richman
                              Attorneys for defendant, GMRI, Inc.
                              d/b/a Red Lobster
                              One Battery Park Plaza, 30th floor
                              New York, NY 10004-1437
                              (212) 481-9701

                              BY: _____
                                      Louis J. Schepp

To:     Philip Newman, P.C.
        Attorney for plaintiff
        860 Grand Concourse
        Bronx, NY 10451
        (718) 585-3512

## ATTORNEY'S VERIFICATION

LOUIS J. SCHEPP, pursuant to the CPLR, affirms and says that he is an attorney with ROBIN, HARRIS, KING, FODERA & RICHMAN the attorneys for the defendant GMRI, INC. d/b/a RED LOBSTER. in the within action; that the foregoing answer is true to his own knowledge except as to matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That this answer is verified by your affirmant and not by the defendant because the defendant, upon information and belief:

_____X_____ is a foreign corporation, or

_____X_____ is a corporation, none of whose officers are within
the county where ROBIN, HARRIS, KING, FODERA
& RICHMAN, have their office, or

_____ is an individual not within the county where ROBIN,
HARRIS, KING, FODERA & RICHMAN, have their office,

_____ is a partnership, none of the partners being in the
County where ROBIN, HARRIS, KING, FODERA & RICHMAN have their
office,

and the source of affirmant's information, and the grounds for his belief as to all the matters not stated upon his knowledge, are the records and reports of investigation kept in the office of the attorneys for the third-party defendant in connection with this action and the accident out of which this action arises.

Dated: New York, New York
      March 27, 2007

LOUIS J. SCHEPP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

BRITT ALEXIS RUSS,

                 Plaintiff,                        Index No.: 118621/06

      -against-

GMRI, INC., 5 TIMES SQUARE NYC/5, a subsidiary        DEMAND FOR VERIFIED
Of Darden Restaurants, Inc. d/b/a Red Lobster, and       BILL OF PARTICULARS
JOHN DOE, said name being fictitious and intended to
Denominate the defendants' employees more fully
Described herein,

                 Defendant.

-------------------------------------------------------------X

      PLEASE TAKE NOTICE, that defendant, GMRI, Inc. d/b/a Red Lobster hereby demands

that the plaintiff serve on the undersigned, within thirty (30) days from the date of service hereof

a verified bill of particulars with respect to the following matters:

1) Set forth plaintiff's full name and any other names by which plaintiff has been known

2) Set forth plaintiff's birthday and place of birth.

3) Set forth plaintiffs residences and plaintiff's residence on the day of the occurrence alleged in

    the compliant.

4) Set forth the date and approximate time of day of the occurrence

5) Set forth plaintiff's location at the time of the occurrence

6) Set forth the acts or omissions constituting the negligence claimed.

7) Set forth the acts or omissions constituting the willful conduct of defendant's employee.

8) Set forth the acts or omissions constituting the wanton conduct of defendant's employee.

9) Set forth the acts or omissions constituting the reckless conduct of defendant's employee.

10) Set forth the acts or omissions constituting the malicious conduct of defendant's employee.

11) Set forth the acts or omissions of defendant's employee which exhibited a gross indifference to human life, safety and the rights of others.

12) Set forth the acts or omissions of defendant's employee which exhibited a callous disregard for human life, safety and the rights of others

13) Set forth the injuries claimed to have been sustained in the occurrence and identify those injuries that are alleged to be permanent.

14) Set forth those injuries claimed to be an aggravation or exacerbation, and identify those health care professional who had treated the plaintiff prior to the incident for the injury aggravated or exacerbated and set forth when.

15) Set forth the time period plaintiff was confined to:

    a) A hospital, (and if so, set forth the name of the hospital,)

    b) Home and/or

    c) Bed

16) Set forth the dates, place, cost and by whom plaintiff received health care treatment with regard to injuries claimed to have been sustained in the occurence.

17) Set forth plaintiff's occupation at the time of the occurrence, and if employed, the name and address of the employer, the job title and salary.

18) Set forth the length of time, if any, plaintiff was or is expected to be incapacitated from her employment or occupation.

19) Set forth the period of time plaintiff suffered from

    a) A total disability and/or

    b) A partial disability

And if it is claimed that the disability is permanent so state.

20) Set forth whether plaintiff seeks to recover any part of the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings or other economic loss alleged to have been sustained herein and if so, set forth for each item, how much and if plaintiff received a collateral source payment for such loss set forth the collateral source provider.

21) If it will be claimed that defendant violated any statute, ordinance, rule or regulation,

    a)  specifically identify each statute, ordinance, rule or regulation that was allegedly violated and

    b)  specify to whom such violation is attributed.

22) Set forth which exception to CPLR §1600 et seq. plaintiff alleges applies.

23) Set forth whether actual or constructive knowledge is claimed; with regard to the allegation that defendant had "knowledge," as alleged in paragraph 10 of the complaint.

    a)  if constructive knowledge is claimed, state for how long

    b)  if actual knowledge is claimed, state by whom and how acquired and

        i)  whether oral or

        ii)  written and if written, identify the document

24) Set forth the amount of special damage claimed to have been sustained for:

    a)  Physicians' services

    b)  Medical supplies

    c)  Loss of earnings

    d)  Hospital expenses

    e)  Nurses services.

    f)  Any other item of special damages, specifying the amount and category of special damages

25) Set forth the amount of, time period of, and the method of calculation for any future special

damages claimed for:

a)  Physicians' services

b)  Medical supplies

c)  Loss of earnings or loss of earning capacity.

d)  Hospital expenses

e)  Nurses services

f)  Any other item of special damages, specifying the amount and category of special damages.

26) Set forth the specific amount of damages sought by plaintiff.

Dated: New York, New York
      January 12, 2007               Yours etc.,

                              Robin, Harris, King, Fodera & Richman
                              Attorneys for defendant, GMRI, Inc.
                              d/b/a Red Lobster
                              One Battery Park Plaza, 30th floor
                              New York, NY 10004-1437
                              (212) 487-9701

To:    Philip Newman, P.C.
        Attorney for plaintiff
        860 Grand Concourse
        Bronx, NY 10451
        (718) 585-3512

Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X    Index No. 118621/06

BRITT ALEXIS RUSS

                            Plaintiff                **VERIFIED BILL OF
                                                     PARTICULARS**

          -against-
                                                     MAY 0 4 2007

GMRI INC., 5 TIMES SQUARE NYC/5, a
subsidiary of Darden Restaurants, Inc., d/b/a
Red Lobster, and JOHN DOE, said name being
fictitious and intended to denominate the
defendants' employees more fully described
herein

                            Defendant
------------------------------------------------------------------X

        Plaintiff by her attorney, Philip Newman, Esq., as and for her verified bill of

particulars, respectfully alleges as follows:

        1.  Britt Alexis Russ

        2.  11/30/70

        3.  125 Gates Avenue, Montclair, New Jersey

        4.  June 22, 2006 at approximately 7:00 p.m.

        5.  Plaintiff was in the waiting area of defendant's Red Lobster Restaurant

at 5 Times Square, New York, New York.

        6.  On June 22, 2006, while plaintiff was a patron in defendant's restaurant,

one of defendant's employees who was standing on an upper level dropped or

negligently positioned a tray resulting in its falling onto plaintiff's head while she

was waiting to be seated at the level below.

7-12. See "6" above. In addition, plaintiff reserves the right to supplement this response subsequent to defendant's deposition.

13. Plaintiff suffered rotator cuff tear right side; bursitis; shoulder impingement; labrum tear; On February 28, 2007, plaintiff had debridement of the rotator; bursectomy; excision of the labrum tear and partial acromioplasty; severe neck and back.   Plaintiff reserves the right to supplement this bill of particulars when further medical information becomes available, and relies also on any and all injuries that are mentioned in the medical reports and/or hospital records submitted herewith, or that will be submitted in the future or if and when counsel for plaintiff is provided with further medical records indicating further injuries not included in this bill of particulars.

14. The plaintiff previously suffered injuries to her neck, back and shoulder. The defendant's negligence has caused an exacerbation and aggravation of pre-existing condition.

15. (a-c) N/A

16. Dr. Robert Krinich-19 Beekman Street, New York, New York; Aneekah G. Simmons-1355 Broad Street, Clifton, NJ 07013.

17. Miller Tabak & Co., LLC- 331 Madison Avenue, New York, NY (10017); Manager/Supervisor and Trader; annual salary $80,000.

18. Plaintiff was out of work 12 days.

19. Plaintiff was totally disabled for five days; Plaintiff remains partially disabled.

20.  To date plaintiff has had out of pocket expenses in the amount of $761.24 and continuing.

21.  N/A

22.  N/A

23.  Upon information and belief, defendant did not properly interview the particular employee and or train the particular employee in order to prevent the happening of the accident.  The defendant inviting individuals such as plaintiff to enter remain and otherwise congregate on its premises took no or inadequate steps to train the subject employee so as to prevent the subject employee from dropping the platter on plaintiff's head.

24.  All medical bills were paid by plaintiff's private insurance.

25.  Plaintiff is unable to respond to these requests at present as the effects of the surgery are not yet known.

26.  $2,000.000.00

Dated:  Bronx, New York
      April 3, 2007.

Yours, etc.,

PHILIP NEWMAN, P.C.
Attorney for Plaintiff
Office & P.O. Address
860 Grand Concourse
Bronx, NY 10451
(718) 585-3512

To: Robin, Harris, King, Fodera &
    Richman, Esqs.
    Attorneys for Defendant
    One Battery Park Plaza
    30th Fl.
    New York, NY 10004-1437
    (212) 487-9701

# V E R I F I C A T I O N :

State of New York )
County of Bronx     )ss.:


The undersigned, being duly sworn deposes and says: That deponent is the plaintiff herein; that deponents have read the foregoing Bill of Particulars and know the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief as to those matters deponent believe it to be true.

Sworn to before me this
3rd day of ~~March~~ 2007
April

NOTARY PUBLIC, State of New York
...845964, Qualified in Suffolk ...
Certificate Filed in New York ...
Commission Expires 04-31-2010